# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF SOUTH CAROLINA
# AIKEN DIVISION

| | | |
|---|---|---|
| United States of America, | ) | Criminal Action No.: 1:14-cr-00466-JMC |
| Plaintiff, | ) | |
| v. | ) | |
| Jesse James Quarles, | ) | **ORDER AND OPINION** |
| Defendant. | ) | |

This matter is before the court on Defendant Jesse James Quarles' ("Defendant") Motion to Vacate, Set Aside, or Correct a Sentence by a Person in Federal Custody pursuant to 28 U.S.C. § 2255. (ECF No. 49.) The United States of America ("Government") opposed Defendant's Motion, and contemporaneously requested summary judgment. (ECF No. 52.)

A prisoner in federal custody under sentence of a federal court may petition the court that imposed the sentence to vacate, set aside, or correct the sentence. *See* 28 U.S.C. § 2255. The prisoner may be entitled to relief upon a showing: (1) that the sentence was imposed in violation of the Constitution or laws of the United States; (2) that the court was without jurisdiction to impose such sentence; (3) that the sentence was in excess of the maximum authorized by law; and (4) that the sentence is otherwise subject to collateral attack. *Id.* A defendant collaterally attacking his sentence or conviction pursuant to § 2255 bears the burden of proving his grounds for collateral attack by a preponderance of the evidence. *White v. United States*, 352 F. Supp. 2d 684, 686 (E.D. Va. 2004) (citing *Miller v. United States*, 261 F.2d 546 (4th Cir. 1958)). In ruling on a § 2255 motion, the court may dismiss the motion without a hearing where "it plainly appears from the motion, any attached exhibits, and the record of prior proceedings, that the moving party is not

1

entitled to relief." 28 U.S.C. § 2255(b) (noting that a hearing is not required on a § 2255 motion if the record of the case conclusively shows that Defendant is entitled to no relief).

After reviewing the parties' respective memoranda and the record of the underlying proceedings, the court determines that an evidentiary hearing is unnecessary. For the reasons set forth herein, the court **DENIES** Defendant's Motion to Vacate, Set Aside, or Correct a Sentence by a Person in Federal Custody pursuant to 28 U.S.C. § 2255 (ECF No. 49), and **GRANTS** the Government's request for summary judgment (ECF No. 52 at 12).

## I. FACTUAL AND PROCEDURAL BACKGROUND

On July 8, 2014, Defendant was indicted for being a felon in possession of a firearm. (ECF No. 2.) On September 19, 2014, Defendant and the Government entered into a plea agreement in which Defendant agreed to plead guilty to the indicted charge. (ECF No. 28.) On October 21, 2014, Defendant entered a guilty plea before the court. (ECF No. 32.)

A Presentence Investigation Report ("PSR") was then prepared by the U.S. Probation Office. (ECF No. 35.) The PSR determined that Defendant was an armed career criminal based on three prior convictions for second-degree burglary. (*Id*. at ¶ 39.) Defendant's predicate convictions for second-degree burglary, along with his other prior convictions, produced a criminal history score of twenty-three points, resulting in a level VI criminal history category. (*Id*. at ¶ 51, 52.) His base offense level was fourteen, which was increased by four additional levels because he possessed the firearm in connection with another felony offense. (*Id*. at ¶¶ 67, 68.)

Because Defendant had at least three prior convictions for violent felonies, making him an armed career criminal within the meaning of U.S.S.G. § 4B1.4, his offense level became 34. (*Id*. at ¶ 73.) This was reduced by three levels based on acceptance of responsibility. (*Id*. at ¶¶ 74, 75.) Because Defendant was an armed career criminal, under 18 U.S.C. § 924(e) he was subject

to a statutory mandatory minimum sentence of fifteen years. 18 U.S.C. § 924(e). His guideline range was 188 to 235 months. (*Id*. at ¶ 96.)

A sentencing hearing was held on April 15, 2015. (ECF No. 44.) Prior to the hearing, Defendant filed objections to the PSR challenging the convictions detailed in paragraph 39 of the PSR. (ECF No. 37.) After hearing arguments from Defendant and the Government regarding the objections and memoranda, the court sentenced Defendant to 180 months of imprisonment. (ECF No. 45.) The court entered judgement on April 17, 2015. (ECF No. 45.) Defendant did not make any direct appeal of the judgment. (ECF No. 52 at 3.)

On February 19, 2016, Defendant filed a Section 2255 motion, asserting that he was improperly charged as a career criminal. (ECF No. 49.) Specifically, Defendant contends that his three prior burglary convictions are not violent felonies. (*Id*. at 3.)

On April 5, 2016, the Government filed a response in opposition to Defendant's Motion, asserting that Defendant's prior second-degree burglary convictions qualify as violent felonies under the Armed Career Criminal Act ("ACCA"), and Defendant was correctly sentenced pursuant to 18 U.S.C. § 924(e). (ECF No. 52.)

On May 16, 2016, Defendant filed a reply to the Government's Response, adding the argument that the 2016 amendment to U.S.S.G. § 4B1.2(a)(2) removes burglary of a dwelling from the definition of a crime of violence, and contends that it is unjust to prevent him from the relief that other defendants will receive in the future. (ECF No. 54 at 3.)

## II. ANALYSIS

### A. The Armed Career Criminal Act

Under the ACCA, an individual convicted of being a felon in possession of a firearm in violation of 18 U.S.C. § 922(g), with three previous convictions for violent felonies or serious drug

offenses, is subject to a mandatory minimum sentence of fifteen years. 18 U.S.C. § 924(e)(1). The term "violent felony" is defined in 18 U.S.C. § 924(e)(2)(B) as:

> Any crime punishable by imprisonment for a term exceeding one year . . . that —
>
> (i) has as an element the use, attempted use, or threatened use of physical force against the person of another; or
>
> (ii) is burglary, arson, or extortion, involves use of explosives, or otherwise involves conduct that presents a serious potential risk of physical injury to another.

18 U.S.C. § 924(e)(2)(B).

To determine whether a past conviction is one of the crimes specifically enumerated in 18 U.S.C. § 924(e)(2)(B)(ii) – burglary, arson, or extortion – courts use a "categorical approach." *Descamps v. United States*, 133 S. Ct. 2276, 2281 (2013). Under the categorical approach, courts compare the elements of the statute providing the basis of the defendant's prior conviction with the elements of the generic crime. *Id*.

However, when a prior conviction is for violating a "divisible" statute, one which sets out one or more elements of the offense in the alternative, the court may use a "modified categorical" approach. *Id*. The modified approach is simply a mechanism for courts to use to determine which statutory phrase applies when a statute lists multiple, alternative elements, effectively creating more than one crime. *Id*. at 2285. Under this approach, the court may consult a limited class of documents, such as indictments, to determine which alternative element formed the basis for the defendant's prior conviction. *Id*. at 2281; *see also United States v. Thompson*, 421 F.3d 278, 285 (4th Cir. 2005) ("a trial judge is entitled to rely upon indictments and state-court judgements" from the defendant's prior convictions). Furthermore, a court can review charging documents, written plea agreements, transcripts of the plea colloquy, and any explicit factual findings made by the court and agreed to by the defendant. *Shepard v. United States*, 544 U.S. 13, 16 (2005). A court

may also "rely on a prepared presentence investigation report to determine whether a prior crime qualified as a predicate offense under the ACCA." *United States v. Ham*, No. 6:10-46-TMC, 2013 WL 4048988 (D.S.C. Aug. 9, 2013) (quoting *United States v. Hickman*, 358 Fed. Appx. 488, 489 (4th Cir. 2009)).

### B. Second-Degree Burglary

Generic burglary, arson, extortion, and crimes involving the use of explosives qualify as predicate convictions if they are punishable by a term of imprisonment exceeding one year. *See* 18 U.S.C. § 924(e)(2)(B)(ii). To determine whether a state offense qualifies as burglary as it is used in 18 U.S.C. § 924(e)(2)(B)(ii), courts compare the elements of burglary's generic definition to those of the state offense in question. *United States v. Mungro*, 754 F.3d 267, 269 (4th Cir. 2014). The generic, contemporary meaning of burglary contains at least the elements of (1) an unlawful or unprivileged entry into, or remaining in (2) a building or structure, with (3) intent to commit a crime. *Taylor v. United States*, 495 U.S. 575, 598 (1990). If a person has been convicted of a crime with these basic elements, he has been convicted of burglary for purposes of 18 U.S.C. § 924(e), regardless of how the prior crime is labeled or its exact definition. *Id*. at 599.

In October 2014, Defendant pleaded guilty to unlawfully possessing a firearm, in violation of 18 U.S.C. § 922(g)(1). (ECF No. 32.) Because the PSR showed that Defendant had three previous convictions for second-degree burglary, in violation of S.C. CODE ANN. § 16-11-312 (2017), this court concluded at sentencing that those convictions were for "violent felonies" and that Defendant therefore qualified as an armed career criminal, requiring the court to impose a sentence of at least 15 years of imprisonment. (ECF No. 39); *see* 18 U.S.C. § 924(e). With respect to those convictions, the underlying indictments charged Defendant with "willfully and unlawfully entering a 'building' in the nighttime"—namely, Quick Stop, Twin Lakes Grocery, and Airport

5

Shell— "without consent and with the intent to commit a crime." (ECF Nos. 38-1. 38-2, 38-3.) Simply put, those indictments charged Defendant with second-degree burglary of a building, in violation of S.C. CODE ANN. § 16-11-312(B) (2017).

Defendant argues that the elements of the offense for which he was convicted in South Carolina are broader than generic burglary because the South Carolina statute prohibits not only the breaking and entering of a building or structure, but also includes other locations. (ECF No. 49 at 2.) Specifically, the statute also prohibits the breaking and entering of "any vehicle, watercraft, or aircraft." (*Id.*); *see also* S.C. CODE ANN. § 16–11–310(1) (2017). Because vehicles, watercrafts, and aircrafts fall outside the building or structure element of a generic burglary, Defendant contends that the South Carolina statute is non-generic, and as such, the convictions cannot serve as predicate offenses. (*Id.*)

The Government contends that Defendant's previous South Carolina convictions qualify as predicate offenses under the ACCA because the relevant indictments show that his convictions were for "burglary of a building at a specific address." (ECF No. 52 at 10.) Applying the modified categorical approach, the Government argues that Defendant "pled to the same violent version of burglary, under S.C. CODE ANN. § 16-11-312(B) (2017), as was actually indicted… Accordingly, the indictments are proper *Shepard* documents to which the court may refer to in establishing the nature of the burglary convictions as one of a physical structure." (*Id.* at 9.)

The court initially must decide whether to apply the categorical or modified categorical approach to determine whether the offense is a crime of violence. While second-degree burglary under S.C. CODE ANN. § 16-11-312(B) (2017) is specifically listed as a violent offense, second-degree burglary under § 16-11-312(A) (2017) is not. S.C. CODE ANN. § 16-11-312 (2017). In this case, Defendant was charged with second-degree burglary of a building under § 16-11-312(B),

which provides in relevant part: "(B) A person is guilty of burglary in the second-degree if the person enters a building without consent and with intent to commit a crime therein, and . . . (3) The entering or remaining occurs in the nighttime." S.C. CODE ANN. § 16-11-312(B) (2017). The statute defines the term "building" to include "any structure, vehicle, watercraft, or aircraft," providing elements alternative to generic burglary. S.C. CODE ANN. § 16–11–310(1) (2017). Thus, the court must use the modified categorical approach in its analysis of second-degree burglary, allowing the court to consider *Shepard*-approved documents.

Upon review of the relevant documents regarding Defendant's burglary convictions, the court finds that Defendants' three second-degree burglary convictions do qualify as the required predicate offenses of violence under the career offender guidelines. The Government presented charging documents to show that Defendant's crimes were in fact generic burglary. (ECF Nos. 38-1, 38-2, 38-3.) The documents support that Defendant pleaded guilty, as charged, on three separate occasions to second-degree burglary of a building under S.C. CODE ANN. 16-11-312(B) (2017), which is a crime characterized by South Carolina law as "violent." (*Id*.) Thus, Defendant's convictions were for a crime of violence for purposes of U.S.S.G §§ 4B1.1 and 4B1.2 at the time of Defendant's conviction.[1] Accordingly, the court finds that Defendant's classification as a career

---

[1] Defendant also argues that the 2016 amendment to U.S.S.G. § 4B1.2(a)(2) makes his sentence a miscarriage of justice. (ECF No. 54 at 3.) In *Johnson*, the court determined that the language known as the residual clause-i.e.., "or otherwise involves conduct that presents a serious potential risk of physical injury to another" –is unconsciously vague so that sentences imposed based on the residual clause violated due process. *Johnson*, 135 S. Ct. 2551 (2015). However, the *Johnson* court did not invalidate the remainder of the statute. *Id*. The Sentencing Commission later amended the definition of a crime of violence used in determining career offender designation under the Guidelines by removing the residual clause and burglary from the definition. *See* U.S.S.G. § 4B1.2(a)(2)(2016). When reviewing the district court's application of the Guidelines, generally the version of the Guidelines in effect on the date of sentencing is applied. *United States v. Jerchower*, 631 F.3d 1181, 1184 (11th Cir. 2011). The 2016 amendment to § 4B1.2(a) was not made retroactive and cannot be applied retroactively. *See*

offender was proper, using his second-degree burglary convictions as the required predicate offenses.

## III. CONCLUSION

Based on the foregoing, the court **DENIES** Defendant's Motion to Vacate, Set Aside, or Correct a Sentence by a Person in Federal Custody pursuant to 28 U.S.C. § 2255 (ECF No. 49), and **GRANTS** the Government's request for summary judgment (ECF No. 52 at 12).

## IV. CERTIFICATE OF APPEALABILITY

The law governing certificates of appealability provides that:

> (c)(2) A certificate of appealability may issue . . . only if the applicant has made a substantial showing of the denial of a constitutional right.
>
> (c)(3) The certificate of appealability . . . shall indicate which specific issue or issues satisfy the showing required by paragraph (2).

28 U.S.C. § 2253(c). A prisoner satisfies this standard by demonstrating that reasonable jurists would find this court's assessment of his constitutional claims is debatable or wrong and that any dispositive procedural ruling by the district court is likewise debatable. *See Miller-El v. Cockrell*, 537 U.S. 322, 336 (2003); *Slack v. McDaniel*, 529 U.S. 473, 484 (2000); *Rose v. Lee*, 252 F.3d 676, 683 (4th Cir. 2001). In this case, the legal standard for the issuance of a certificate of appealability has not been met.

**IT IS SO ORDERED.**

*J. Michelle Childs*
United States District Judge

November 1, 2017
Columbia, South Carolina

---

*United States v. Ball*, 870 F.3d 1, 3 n.2 (1st Cir. 2017) (The 2016 amendment to § 4B1.2(a) "was not made retroactive.")