# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF SOUTH CAROLINA
# AIKEN DIVISION

| United States of America, | ) | Criminal Action No.: 1:14-cr-00466-JMC |
|---|---|---|
| Plaintiff, | ) | |
| v. | ) | |
| Jesse James Quarles, | ) | **ORDER AND OPINION** |
| Defendant. | ) | |

This matter is before the court pursuant to Defendant Jesse James Quarles' ("Defendant") Motion for Reconsideration (ECF No. 57). For the reasons set forth below, the court **GRANTS** Defendant's Motion for Reconsideration (ECF No. 57).

## I. FACTUAL AND PROCEDURAL BACKGROUND

On July 8, 2014, Defendant was indicted for being a felon in possession of a firearm. (ECF No. 2.) On September 19, 2014, Defendant and the Government entered into a plea agreement in which Defendant agreed to plead guilty to the indicted charge. (ECF No. 28.) On October 21, 2014, Defendant entered a guilty plea before the court. (ECF No. 32.)

A Presentence Investigation Report ("PSR") was then prepared by the U.S. Probation Office. (ECF No. 35.) The PSR determined that Defendant was an armed career criminal based on three prior convictions for second-degree burglary. (*Id*. at ¶ 39.) Defendant's predicate convictions for second-degree burglary, along with his other prior convictions, produced a criminal history score of 23 points, resulting in a level 6 criminal history category. (*Id*. at ¶ 51, 52.) His base offense level was 14, which was increased by four additional levels because he possessed the firearm in connection with another felony offense. (*Id*. at ¶¶ 67, 68.)

1

Because Defendant had at least three prior convictions for violent felonies, making him an armed career criminal within the meaning of U.S.S.G. § 4B1.4, his offense level became 34. (*Id*. at ¶ 73.) This was reduced by three levels based on acceptance of responsibility. (*Id*. at ¶¶ 74, 75.) Because Defendant was an armed career criminal, under 18 U.S.C. § 924(e) he was subject to a statutory mandatory minimum sentence of 15 years. 18 U.S.C. § 924(e). His guideline range was 188 to 235 months. (*Id*. at ¶ 96.)

A sentencing hearing was held on April 15, 2015. (ECF No. 44.) Prior to the hearing, Defendant filed objections to the PSR challenging the convictions detailed in paragraph 39 of the PSR. (ECF No. 37.) After hearing arguments from Defendant and the Government regarding the objections and memoranda, the court sentenced Defendant to 180 months of imprisonment. (ECF No. 45.) The court entered judgement on April 17, 2015. (ECF No. 45.) Defendant did not make any direct appeal of the judgment. (ECF No. 52 at 3.)

On February 19, 2016, Defendant filed a Section 2255 motion, asserting that he was improperly charged as a career criminal. (ECF No. 49.) Specifically, Defendant contends that his three prior burglary convictions are not violent felonies. (*Id*. at 3.)

On April 5, 2016, the Government filed a response in opposition to Defendant's Motion, asserting that Defendant's prior second-degree burglary convictions qualify as violent felonies under the Armed Career Criminal Act ("ACCA"), and Defendant was correctly sentenced pursuant to 18 U.S.C. § 924(e). (ECF No. 52.)

On May 16, 2016, Defendant filed a reply to the Government's Response, adding the argument that the 2016 amendment to U.S.S.G. § 4B1.2(a)(2) removes burglary of a dwelling from

the definition of a crime of violence, and contends that it is unjust to prevent him from the relief that other defendants will receive in the future.[1] (ECF No. 54 at 3.)

On November 2, 2017, the court held, applying the modified categorical approach, that Defendant's three second-degree burglary convictions do qualify as the required predicate offenses of violence under the career offender guidelines. (ECF No. 55.) On November 20, 2017, Defendant filed a Motion for Reconsideration stating that (1) the court based its denial on reasoning that was inconsistent with the Supreme Court and circuit holdings and (2) Defendant is entitled to vacatur of the enhanced term the court imposed and resentencing. (ECF No. 57.)

## II. LEGAL STANDARD

Under Fed. R. Civ. P. 59(e), a court may "alter or amend the judgment if the movant shows either (1) an intervening change in the controlling law, (2) new evidence that was not available at trial, or (3) that there has been a clear error of law or a manifest injustice." *Robinson v. Wix Filtration Corp.*, 599 F.3d 403, 407 (4th Cir. 2010) (citation omitted). It is the moving party's burden to establish one of these three grounds in order to obtain relief under this rule. *Loren Data*

---

[1] The court disposed of this argument in its November 2, 2017 Order by stating:
> In *Johnson*, the court determined that the language known as the residual clause- i.e.., "or otherwise involves conduct that presents a serious potential risk of physical injury to another" –is unconsciously vague so that sentences imposed based on the residual clause violated due process. *Johnson*, 135 S. Ct. 2551 (2015). However, the *Johnson* court did not invalidate the remainder of the statute. *Id*. The Sentencing Commission later amended the definition of a crime of violence used in determining career offender designation under the Guidelines by removing the residual clause and burglary from the definition. *See* U.S.S.G. § 4B1.2(a)(2)(2016). When reviewing the district court's application of the Guidelines, generally the version of the Guidelines in effect on the date of sentencing is applied. *United States v. Jerchower*, 631 F.3d 1181, 1184 (11th Cir. 2011). The 2016 amendment to § 4B1.2(a) was not made retroactive and cannot be applied retroactively. *See United States v. Ball*, 870 F.3d 1, 3 n.2 (1st Cir. 2017) (The 2016 amendment to § 4B1.2(a) "was not made retroactive.")

(ECF No. 55 at 7 n.1.)

3

*Corp. v. GXS, Inc.*, 501 Fed. App'x 275, 285 (4th Cir. 2012). The decision whether to reconsider an order pursuant to this rule is within the discretion of the district court. *See Hughes v. Bedsole*, 48 F.3d 1376, 1382 (4th Cir. 1995).

## III. ANALYSIS

### A. The Armed Career Criminal Act

Under the ACCA, an individual convicted of being a felon in possession of a firearm in violation of 18 U.S.C. § 922(g), with three previous convictions for violent felonies or serious drug offenses, is subject to a mandatory minimum sentence of 15 years. 18 U.S.C. § 924(e)(1). The term "violent felony" is defined in 18 U.S.C. § 924(e)(2)(B) as:

> Any crime punishable by imprisonment for a term exceeding one year . . . that —
>
> (i) has as an element the use, attempted use, or threatened use of physical force against the person of another; or
>
> (ii) is burglary, arson, or extortion, involves use of explosives, or otherwise involves conduct that presents a serious potential risk of physical injury to another.

18 U.S.C. § 924(e)(2)(B).

To determine whether a previous conviction is one of the crimes specifically enumerated in 18 U.S.C. § 924(e)(2)(B)(ii) – burglary, arson, or extortion – courts use a "categorical approach." *Descamps v. United States*, 133 S. Ct. 2276, 2281 (2013). Under the categorical approach, courts compare the elements of the statute providing the basis of the defendant's prior conviction with the elements of the generic crime. *Id.*

However, when a prior conviction is for violating a "divisible" statute, one which sets out one or more elements of the offense in the alternative, the court may use a "modified categorical" approach. *Id.* The modified approach is simply a mechanism for courts to use to determine which statutory phrase applies when a statute lists multiple, alternative elements, effectively creating

4

more than one crime. *Id*. at 2285. Under this approach, the court may consult a limited class of documents, such as indictments, to determine which alternative element formed the basis for the defendant's prior conviction. *Id*. at 2281; *see also United States v. Thompson*, 421 F.3d 278, 285 (4th Cir. 2005) ("a trial judge is entitled to rely upon indictments and state-court judgements" from the defendant's prior convictions). Furthermore, a court can review charging documents, written plea agreements, transcripts of the plea colloquy, and any explicit factual findings made by the court and agreed to by the defendant. *Shepard v. United States*, 544 U.S. 13, 16 (2005). A court may also "rely on a prepared presentence investigation report to determine whether a prior crime qualified as a predicate offense under the ACCA." *United States v. Ham*, No. 6:10-46-TMC, 2013 WL 4048988 (D.S.C. Aug. 9, 2013) (quoting *United States v. Hickman*, 358 Fed. Appx. 488, 489 (4th Cir. 2009)).

**B. Second-Degree Burglary**

Generic burglary, arson, extortion, and crimes involving the use of explosives qualify as predicate convictions if they are punishable by a term of imprisonment exceeding one year. *See* 18 U.S.C. § 924(e)(2)(B)(ii). To determine whether a state offense qualifies as burglary as it is used in 18 U.S.C. § 924(e)(2)(B)(ii), courts compare the elements of burglary's generic definition to those of the state offense in question. *United States v. Mungro*, 754 F.3d 267, 269 (4th Cir. 2014). The generic, contemporary meaning of burglary contains at least the elements of (1) an unlawful or unprivileged entry into, or remaining in (2) a building or structure, with (3) intent to commit a crime. *Taylor v. United States*, 495 U.S. 575, 598 (1990).

Defendant's state offense was second-degree burglary of a building under § 16-11-312(B), which provides in relevant part: "(B) A person is guilty of burglary in the second-degree if the person enters a building without consent and with intent to commit a crime therein, and . . . (3)

5

The entering or remaining occurs in the nighttime." S.C. CODE ANN. § 16-11-312(B) (2017). The statute defines the term "building" to include "any structure, vehicle, watercraft, or aircraft," providing elements alternative to generic burglary. S.C. CODE ANN. § 16–11–310(1) (2017).

### C. Motion for Reconsideration

Defendant bases his Motion for Reconsideration on the premise that, relying on the principles articulated by the Supreme Court in *Mathis v. United States*, 136 S. Ct. 2243 (2016), the Fourth Circuit in *United States v. Hall*, 684 Fed. Appx. 333 (4th Cir. 2017) held that "South Carolina's third-degree burglary statute sweeps more broadly and is indivisible because the definition of 'building,' found in § 16-11-310, is broader and indivisible." (ECF No. 57 at 2.) Although *Hall* is not a published opinion, the court will use it as direct guidance on whether South Carolina burglaries survive as violent predicates after *Mathis* and will construe its holding as an intervening change in the controlling law. *Hall* held that *Mathis* was dispositive in the case. *Hall*, 684 Fed. Appx. at 335.

In *Mathis*, the defendant was sentenced as an armed career criminal based on prior Iowa convictions of burglary. *Mathis*, 136 S. Ct. at 2250. The burglary statute at issue in *Mathis* defined burglary to include unprivileged entry into an "occupied structure." IOWA CODE ANN. §§ 713.3, 713.5 (2015) (burglary in the first degree; burglary in the second degree, respectively). An "occupied structure," in turn, is defined to include "any building, structure, appurtenances to buildings and structures, land, water or air vehicle, or similar place . . . ." IOWA CODE ANN. § 702.12 (2015).

The Supreme Court observed that the locations listed in § 702.12 "are not alternative elements, going toward the creation of separate crimes. To the contrary, they lay out alternative ways of satisfying a single locational element." *Mathis*, 136 S. Ct. at 2250. The Court held that

6

the Iowa burglary statute therefore is not divisible because it "defines one crime, with one set of elements, broader than generic burglary." *Id*. Because "the elements of Mathis's crime of conviction (Iowa burglary) cover a greater swath of conduct than the elements of the relevant ACCA offense (generic burglary), that . . . disparity resolve[d the] case." *Id*. at 2251. Employing the categorical approach, the Court held that Mathis's burglary convictions could not serve as ACCA predicates. *Id*.

Applying *Mathis*, the Fourth Circuit in *Hall* found that Hall's conviction of third-degree burglary could not serve as a predicate felony under the ACCA. *Hall*, 684 Fed. Appx. at 335. As with the Iowa statute, the South Carolina statute covers unlawful entry into not only buildings, but also vehicles, watercraft, and aircraft. *Id*. The court in *Hall* reasoned that the South Carolina statute, like the Iowa statute, is not divisible because "these are not alternative elements of the offense; instead, they are alternative means of satisfying the locational element of third-degree burglary." *Id*. at 336. Therefore, the court held that the application of the categorical approach compels the conclusion that the South Carolina statute sweeps more broadly than generic burglary and cannot serve as a predicate ACCA felony. *Id*.

Based on the rulings in *Mathis* and *Hall*, the court finds that Defendant did not have the requisite three prior felonies to qualify as an armed career criminal. Accordingly, the court vacates the Order entered on November 2, 2017. (ECF No. 55.) The court will schedule a resentencing hearing in light of this Order. The court denies Defendant's request for an evidentiary hearing (ECF No. 57 at 5) because the facts and legal contentions are adequately presented in the materials before the court.

## IV. CONCLUSION

Based on the foregoing, the court **GRANTS** Defendant's Motion for Reconsideration (ECF No. 57).

**IT IS SO ORDERED.**

*J. Michelle Childs*
United States District Judge

December 12, 2017
Columbia, South Carolina